Michael D. Nilsen
11300 W. Widgeon Way
Clearlake Oaks, CA 95423
707-245-7001
*in propria persona*

FILED
JUN 28 2016
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NJV

| | |
|---|---|
| Michael D. Nilsen, Plaintiff vs. Judge Michael S. Lunas, in his private/personal capacity, Lake County Deputy Sheriff William Djernes, in his private/ personal capacity, CHP officer Ryan Erickson, in his private/ personal capacity, CHP officer C.J. Tuggle, in his private/personal capacity, Daniel Hickey, in his private/personal capacity, Sutter Lakeside Hospital, Lake County District Attorney Don A. Anderson, in his private/personal capacity, Deputy D.A. Daniel Flesch, in his private/personal capacity, Judge Andrew S. Blum in his private/personal capacity, Judge Arthur H, Mann, in his private/personal capacity, and Judge Stephen O. Hedstrom, in his private/personal capacity; Lake County Sheriff's Office, California Highway Patrol DOES 1-10, inclusive | Case No. CV 16 3631<br><br>VERIFIED COMPLAINT FOR DAMAGES PURSUANT TO 42 USC §§ 1983, 1985, 1986, *inter alia*, FOR CONSPIRACY TO DEPRIVE PLAINTIFF OF HIS CIVIL RIGHTS, FAILURE TO PREVENT SUCH DEPRIVATION, OBSTRUCTION OF JUSTICE |

**Jurisdiction**

1. This court has jurisdiction under 28 USC § 1331. Federal question jurisdiction is invoked pursuant to 42 USC § 1983.

**Venue**

2. Pursuant to 28 USC 1391, venue is proper because the defendants are all state actors whose violations were committed in Northen District, against a resident of Lake County, and a United States citizen.

**Parties**

3. Plaintiff Michael D. Nilsen resides at 11300 W. Widgeon Way Clearlake Oaks, CA 95423.

4. Defendants Michael S. Lunas, Andrew S. Blum, Arthur H. Mann and Stephen O. Hedstrom are all judges in the Lake County Superior Court system, located at 255 N. Forbes Street, Lakeport, CA 95453,

5. Defendants Don A. Anderson and Daniel Flesch are respectively, the District Attorney and Deputy District Attorney of Lake County, California and are located at 255 N. Forbes Street, Lakeport, CA 95453.

` 6. Defendants Ryan Erickson and C.J. Tuggle are California Highway Patrol officers assigned to the Clear Lake office at 5700 Live Oak Drive, Kelseyville, CA 95451.

7. Daniel Hickey is a phlebotomist employed by Sutter Lakeside Hospital, 5176 Hill Road, East Lakeport, CA 95453.

8. The Lake County Sheriff's Office (LCSO) is the chief law enforcement agency in the County.

9. The California Highway Patrol, a statewide law enforcement agency, is structured under the California Department of business, Transportation and Housing in Sacramento, California.

## **Statement of Facts**

10. At 0230 hrs on Friday the 10th of April 2015, Highway 20 was dark, quiet and all but deserted. Michael Nilsen was westbound at 35 mph, rounding a blind bend in the road as he prepared to make a right hand turn onto Lakeview Drive, which leads directly to the Plaintiff's home, less than 1/3 mile away.

11. Ahead, Nilsen saw a Sheriff's Office SUV traveling in the same direction, at a speed at least 10 mph below his own, which was at least 10 mph below the speed limit.

12. But since the SUV had already passed Lakeview, there was no problem. Or so he thought. Nilsen made the right turn and then proceeded to turn left into his driveway, when he was "lit up" by the Sheriff's vehicle which had made a U-turn and followed him to a location near his home.

13. Plaintiff was then contacted by Deputy William Djernes of the LCSO who advised him that Nilsen had been following his patrol vehicle too closely, a violation of Vehicle Code § 21703.

14. Djernes then decided that he had detected the odor of alcohol emanating from the Plaintiff's auto, and called the CHP to conduct a "turnover" DUI investigation.

15. Nilsen at all times refused to provide a license, cell phone number or Social Security number, during what he repeatedly insisted was an unlawful seizure.

16. CHP officers Ryan Erickson and C.J. Tuggle responded to the scene and conducted a DUI investigation.

17. Nilsen remained non-cooperative with these officers by refusing requests for personal information, refusing to take a Field Sobriety Test, and

by asserting his right to travel freely in a non-commercial manner.

18. Erickson arrested Nilsen, who was charged with violations of VC §§ 23152(a)&(b) driving under the influence, § 14601, driving on a suspended license, and Penal Code § 148, resisting.

19. The resisting allegation was dropped. There was never a charge for speeding.

20. Erickson and Tuggle transported Nilsen to Sutter Lakeside Hospital, where phlebotomist Daniel Hickey was assigned to draw Nilsen's blood.

21. Nilsen continued to resist by refusing, absent a warrant, to consent to having his blood drawn.

22. Ultimately the blood was drawn, absent either consent or a warrant.

23. Sutter Lakeside provides a blood draw consent form for its DUI suspect patients.

24. That form was dated, time stamped and signed by Officer Erickson and Hickey, the phlebotomist.

25. It was not signed by Nilsen, although his captors insisted that he had given oral consent.

26. Nilsen was jailed and later released on bond.

27. Plaintiff was then arraigned on June 2, 2015, wherein he entered no plea because the People had yet to provide discovery. Case No. : **CR 938961**

28. Nilsen was next arraigned on June 15, 2015.

29. He objected to entering a plea, seeking instead to file his prepared 1538.5 motion to suppress.

30. Nilsen also objected to the court's insistence that he sign a Faretta waiver.

31. The 1538.5 motion was calendared.

32. The trial court insisted on an entry of plea as well as a signed waiver.

33. Under pressure, the Plaintiff reluctantly acquiesced.

34. The People were served a copy of the motion and a hearing was set for July 27, 2015. See Exhibit A.

35. On June 29, 2015 the District Attorney's Office filed a "Response" to Nilsen's Motion to Suppress. See Exhibit B.

36. Nilsen then filed a Reply to the Response. See Exhibit C.

37. The trial court then ruled adversely to the Plaintiff, despite the fact that the judge opined upon matters (*i.e., inter alia* Government Code § 26613.) about which the People had remained absolutely silent. See Exhibit D.

38. Nilsen then sought relief at the Appellate Division of the Superior Court. See Exhibit E.

39. Once again, Deputy District Attorney Daniel Flesch "rebutted" Nilsen's Opening Brief by completely ignoring the Government Code issue. See Exhibit F.

40. Mr. Flesch also again refused to address the issues of infractions not being crimes, the interstate commerce element, or SCOTUS case law.

41. The three judge panel reached a unanimous Opinion, finding that the People had met their burden and that the suppression motion be denied. See Exhibit G.

42. To the extent that the panel ruled adversely to Nilsen on the same issues which the People had **twice** refused to weigh in, this Opinion seemed an instant replay of the trial court's actions.

43. In an attempt to alert the trial court that it had been denied jurisdiction to proceed, due to the government's failure to timely, Nilsen filed a Motion to Dismiss. See Exhibit H.

44. In that Motion, the Defendant relied upon Penal Code § 853.6 as his authority for the proposition that the time frame within which he could have been legally prosecuted, had closed.

45. Deputy District Attorney Flesch filed an "opposition" but did so in an untimely fashion. See Exhibit I.

46. Nilsen Replied. See Exhibit J

47. All parties appeared at the Law and Motion hearing. Mr. Flesch then "withdrew" his opposition in open court. Court Reporter's Transcript has been ordered and will be supplied at the first possible moment as the CSR is currently on vacation. Exhibit provisionally known as Exhibit K.

48. The trial court then denied the unopposed motion.

**CLAIM I**

(Violation of civil rights: Unlawful arrest, search and incarceration)

(4th & 14th Amendments/42 USC § 1983)

49. Plaintiff re-alleges and incorporates paragraphs 1-22 of this Complaint as if fully set forth herein

50. **Defendant Wm. Djernes, LCSO-** By engaging in the conduct complained of in ¶¶ 10-14, in direct violation of Government Code § 266213 and Vehicle Code § 40300.5, *inter alia,* this defendant was directly responsible for Plaintiff's right to be free from unreasonable searches and seizures, thereby entitling Plaintiff to damages pursuant to 42 USC 1983.

51. **Defendants Erickson & Tuggle, CHP.** These defendants facilitated Djernes' unlawful acts by seizing, searching, transporting and

incarcerating the Plaintiff despite the fact that neither of them had witnessed a crime, committed in their presence.

These defendants further exacerbated Plaintiff's situation by forcibly drawing blood from his arm, in the absence of either a search warrant or consent, either oral or written. Therefore, Plaintiff is entitled to damages pursuant to 42 USC 1983.

52. **Phlebotomist Daniel Hickey.** This defendant aided and abetted defendants Erickson and Tuggle by performing the actual blood draw against the Plaintiff's wishes, even though he was aware that the consent form created by Sutter Lakeside Hospital called for the written, signed permission of a DUI patient who had waived his right to a warrant.

53. **Judge Michael S. Lunas.** This defendant violated Plaintiff's § 1983 protected civil rights when he ignored the doctrine of separation of powers by denying Plaintiff's Motion to Suppress, despite the fact that the People had failed to confront any of the key issues of the motion. This defendant actively, wilfully and maliciously made arguments from the bench in support of the People's position, even though the Deputy D.A. had remained silent. Judge Lunas violated Nilsen's rights by finding that the warrantless blood draw had been consensual, even though his ruling relied on the "credibility" of the witnesses, as opposed to the Preponderance of evidence rule which had been established by defendant Flesch. This defendant also denied a Penal Code § 853.6 Motion to Dismiss, despite the fact that the Deputy District Attorney had withdrawn the People's opposition in open court. Consequently, this defendant continued to exert an improper jurisdiction over Nilsen, thus entitling him to damages under 42 USC 1983.

54. **Don A. Anderson & Daniel Flesch.** These defendants, District

Attorney and Deputy D.A. respectively, corruptly filed charges and prosecuted Nilsen, despite knowing that Vehicle Code § 26613 had invalidated the original traffic stop and therefore the seizure and all that followed. This is an undeniable fact as the People made no effort whatsoever to rebut the Plaintiff's key defenses. Defendant Flesch withdrew his opposition to Nilsen's Motion to Dismiss and then stood mute as the court denied the unopposed motion. Such deliberate misconduct entitles Nilsen to damages pursuant to 42 USC 1983.

55. **Judges Andrew S. Blum, Arthur H. Mann, & Stephen O. Hedstrom, Superior Court Appellate Dept.** As the hearing transcript (Exhibit E) makes clear, the three panel Opinion was almost a mirror image of that offered by the trial court (Exhibit D), including the panel making arguments on behalf of the People, which the D.A. had refused, twice, to make in support of his own case! These actions entitle Plaintiff Nilsen to damages pursuant to 42 USC 1983.

**CLAIM II**

(Conspiracy to interfere with civil rights secured by the 14th Amendment to (4th & 14th Amendments/42 USC § 1985)

56. Plaintiff re-alleges and incorporates paragraphs 1-22 of this Complaint as if fully set forth herein.

57. Each of the above named defendants has participated in a conspiracy to continue and cement the deprivation of rights imposed upon the Plaintiff, beginning at the traffic stop and continuing to this date. Each of them, acting under color of law, in concert and without their lawful jurisdiction has helped to deprive Nilsen of all remedies to which he is entitled and thus must be liable for damages, pursuant to 42 USC 1985.

## CLAIM III.

(Violation of Civil Rights, Action for Failure to Prevent Deprivation of Rights Guaranteed by the 4th and 14th Amendments/42 USC 1986)

58. Plaintiff re-alleges and incorporates paragraphs 1-22 of this Complaint as if fully set forth herein.

59. **Deputy Djernes.** This defendant violated this section of Title 42 because he made a traffic stop/seizure when he knew or should have known that his enforcement action was specifically barred by Vehicle Code § 26613 and Vehicle Code § 40300.5. His decision, which was entirely within his ability to control, precipitates all of the Plaintiff's subsequent woes.

60. **CHP Officers Erickson & Tuttle.** These defendants were in violation because they knew or should have known that the Govt. Code forbade the LCSO from making traffic stops. Also, they knew or should have known that to seize, search, transport, incarcerate and draw blood from a man who had committed no crime in their presence was a clear violation of their oaths of office and Plaintiff's rights. Therefore, they are liable for damages pursuant to this section.

61. **Phlebotomist Daniel Hickey.** This defendant could have intervened timely by simply refusing to draw blood absent a warrant or signed consent from the patient. As he had neither, Nilsen is entitled to damages under Title 42.

62. **Judges Blum, Mann & Hedstrom.** These defendants, familiar as they are with the doctrine of separation of powers, as well as the rule that "an objection not made is waived" could easily have stopped this charade by ruling on the evidence as they found it. Instead, they conspired to shill for the prosecution by making arguments the People had never advanced, so as to

hold Nilsen's feet to the fire. Plaintiff is thus entitled to damages under Title 42.

## <u>CLAIM IV.</u>

(Failure to Train)

63. Plaintiff re-alleges and incorporates paragraphs 1-22 of this Complaint as if fully set forth herein.

64. **Sutter Lakeside Hospital.** The fact that this defendant provided Hickey with a prepared consent form for Nilsen's signature clearly indicates its expectation that the form would be used for that purpose. Hickey's decision to proceed absent either a warrant or written consent indicates a failure to train, a failure to supervise, or both. His invasive and unlawful medical actions deprived Plaintiff of his Title 42 protections and should entitle Nilsen to recovery.

65. **Lake County Sheriff's Office.** The County's top law enforcement agency is presumed to know the law, including but not limited to Govt. Code § 26613 and Vehicle Code § 40300.5. Traffic infraction enforcement appears to be SOP, for this agency, which indicates a failure either to properly train or to adequately supervise employees not only with respect to state law but also to interstate commerce as it relates to traffic enforcement. This failure was a proximate cause of Nilsen's arrest and incarceration and entitles him to damages pursuant to Title 42.

66. **California Highway Patrol.** This defendant is the statewide traffic enforcement agency with a clear responsibility to train and supervise its employees appropriately. When, as here, a defendant allows its officers to accept "turnover" DUI stops from the LCSO which has no authority to make

garden variety stops in the first place, the agency has failed to adequately train and supervise. That it allowed two employees to make an arrest for a crime not committed in their presence shocks the conscious and speaks clearly to the lack of supervision. Plaintiff is entitled to Title 42 damages arising from this reckless and lawless conduct.

## REQUEST FOR RELIEF

67. WHEREFORE, Plaintiff requests:

1. Compensatory damages, general and special, according to proof.

2. Declaratory relief wherein the Court finds that VC § 26613 prohibits the LCSO from initiating warrantless, infraction traffic stops.

3. That the court take judicial notice of *Reno v. Condon*, 528 U.S. 141 (2000), as well as of the Solicitor-General's Petitioner's Brief in which he argued that "The activity regulated by the state driver license, the operation of motor vehicles, is integrally related to interstate commerce." See ¶ 41, & 60. Also https://www.justice.gov/osg/brief/reno-v-condon-merits

4. Injunctive relief requiring county officials to henceforth allege and prove participation in interstate commerce as a necessary element of "driving a motor vehicle," and the sole activity requiring licensure.

5.. Any further relief which the Court may deem proper.

Dated: 6/27/16

Michael Nilsen

**VERIFICATION**

I, Michael Nilsen, declare that:

1. I am the Plaintiff in the above entitled Complaint.

2. I am personally responsible for all the allegations in this Complaint, which I know to be true from my own personal experience.

3. I am informed and believe that certain issues not within my personal knowledge are nonetheless true. An example is the assertion that the LCSO routinely makes traffic stops for infractions in violation of GC § 26613.

4. I am thus competent to testify as to the truth and validity of these allegations.

The preceding is offered under penalty of perjury of the laws of the State of California and the United States of America.

Dated: 6/27/16

Michael Nilsen