CRAIG L. JUDSON - 114926
SHARON M. NAGLE – 179124
Bold, Polisner, Maddow, Nelson & Judson
A Professional Corporation
500 Ygnacio Valley Road, Suite 325
Walnut Creek, CA 94596
(925) 933-7777 – Telephone
(925) 933-7804 – Fax
Email: snagle@bpmnj.com

Attorneys for Defendants Judge Michael S. Lunas,
Judge Andrew W. Blum, Judge Arthur H. Mann, and
Judge Stephen O. Hedstrom

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. NILSEN,<br><br>        Plaintiff,<br><br>vs.<br><br>JUDGE MICHAEL S. LUNAS, et al.<br><br>        Defendants. | Case No. 16-CV-03631-NJV<br><br>NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT<br><br>Date: August 30, 2016<br>Time: 10:00 a.m. |

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 30, 2016, at 10:00 a.m., at the

McKinleyville Federal Courthouse, 3140 Boeing Avenue, McKinleyville, California,

Defendants Judge Michael S. Lunas, Judge Andrew W. Blum, Judge Arthur H. Mann, and

Judge Stephen O. Hedstrom (hereinafter "the Judicial Defendants") will, and hereby do, move

this Court pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) for an order

dismissing Plaintiff's complaint against him.

The Judicial Defendants move to dismiss Plaintiff's claims because Plaintiff does not

have subject matter jurisdiction to bring this Complaint in this Court. Under the *Rooker-*

i

*Feldman* doctrine, this Court has no authority to review final determinations of a state court in judicial proceedings. Additionally, the Eleventh Amendment bars suits against the arms of the state and the *Younger* Doctrine requires dismissal of a federal complaint if the state proceedings are ongoing. Finally, Plaintiff lacks standing to bring these claims because there is no justiciable controversy between Plaintiff and the Judicial Defendants.

Plaintiff's complaint must also be dismissed because the action is barred by the doctrine of judicial immunity, and Plaintiff has not set forth any claim from which relief could be granted against the Judicial Defendants.

For each of these reasons, the Judicial Defendants respectfully request that the Court grant this Motion and dismiss Plaintiff's complaint against them without leave to amend. This Motion is based on this Notice, the attached Memorandum of Points and Authorities, all pleadings, files and records in this action, and on such other argument as may be received by the Court at the hearing of this Motion.

DATE: July 19, 2016                     BOLD, POLISNER, MADDOW, NELSON & JUDSON

By: _____
SHARON M. NAGLE
Attorneys for Judge Michael S. Lunas,
Judge Andrew W. Blum,
Judge Arthur H. Mann, and
Judge Stephen O. Hedstrom

ii

CRAIG L. JUDSON - 114926
SHARON M. NAGLE – 179124
Bold, Polisner, Maddow, Nelson & Judson
A Professional Corporation
500 Ygnacio Valley Road, Suite 325
Walnut Creek, CA 94596
(925) 933-7777 – Telephone
(925) 933-7804 – Fax
Email: snagle@bpmnj.com

Attorneys for Defendants Judge Michael S. Lunas,
Judge Andrew W. Blum, Judge Arthur H. Mann, and
Judge Stephen O. Hedstrom

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL D. NILSEN,<br><br>               Plaintiff,<br><br>vs.<br><br>JUDGE MICHAEL S. LUNAS, et al.<br><br>              Defendants. | Case No. 16-CV-03631-NJV<br><br>POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF TO DISMISS PLAINTIFFS' COMPLAINT<br><br>Date:<br>Time: 10:00 a.m. |

## I. INTRODUCTION

Plaintiff alleges a variety of civil rights causes of action stemming from a traffic stop, in what is essentially an appeal from Plaintiff's state court proceedings.  Plaintiff names a multitude of defendants, including moving defendants the Honorable Michael S. Luna, the Honorable Andrew S. Blum, the Honorable Arthur H. Mann, and the Honorable Stephen O. Hedstrom (hereinafter collectively referred to as "the Judicial Defendants.") All judges serve at the Superior Court of California, County of Lake ("Superior Court.")  Essentially, Plaintiff complains that the lower court ruled incorrectly as to his motions to suppress and dismiss, as well as the appeal therefrom, rendering this Complaint a de-facto appeal. Plaintiff's disagreement with the decisions of the Superior Court judges does not grant him a right to relief in this court.

As discussed in detail below, Plaintiff's entire complaint (Docket 1) must be dismissed as to the Judicial Defendants. This Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* Doctrine, the *Younger* Abstention Doctrine, and pursuant to the Eleventh Amendment of the United States Constitution.  Additionally, Plaintiff does not have standing to bring his claims.

Aside from the fatal jurisdictional defects, Plaintiff's Complaint must also be dismissed because the defendant judges are entitled to judicial immunity. Lastly, the Complaint must also be dismissed because Plaintiff has not set forth any claim from which relief could be granted against these moving parties. Plaintiff cannot cure these defects by amending his complaint. Accordingly, the Complaint should be dismissed against the Judicial Defendants without leave to amend.

## II. STATEMENT OF FACTS

Plaintiff alleges that on April 10, 2015, he was pulled over by officers from the Lake County Sheriff's Office.  The officers detected the odor of alcohol and contacted the California Highway Patrol ("CHP") to investigate.  Plaintiff refused requests for personal information and refused to take a Field Sobriety Test.  Eventually, CHP Officer Ryan Erickson arrested Plaintiff, who was charged with violation of California Vehicle Code § 23152(a) and (b) (driving under the influence), California Vehicle Code §14601 (driving with a suspended license); and California Penal Code §148 (resisting arrest.)  (Complaint p. 3-4.)

Plaintiff filed a motion to suppress evidence pursuant to California Penal Code § 1538.5, which was heard by the Superior Court on July 27, 2015. Judge Lunas denied Plaintiff's motion and Plaintiff subsequently appealed to the Appellate Division of the Superior Court.  (Complaint p. 4-5.) Judge Blum, Judge Mann, and Judge Hedstrom, sitting as the appellate panel, unanimously upheld Judge Lunas' decision.  (Complaint, Exhibit G.)

Thereafter, Plaintiff filed a motion to dismiss, which Judge Lunas denied (Complaint,

1    p. 6.)  Plaintiff filed the instant action on June 28, 2016.

2    **III. THE DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION**

3           A motion to dismiss is appropriate when the district court lacks subject matter

4    jurisdiction. (Fed. R. Civ. P. 12(b)(1).)  The party asserting subject matter jurisdiction has

5    the burden of proving that the court has jurisdiction over the claims.  (*Robinson v. United*

6    *States* (9th Cir. 2009) 586 F.3d 683, 685.) This Court lacks subject matter jurisdiction here

7    for at least four reasons:

8           A. The *Rooker-Feldman* doctrine holds that a United States District Court, as a

9    court of original jurisdiction, has no authority to review final determinations of a state court

10   in judicial proceedings;

11          B. The *Younger* abstention doctrine requires the dismissal of a federal complaint if

12   the state proceedings are ongoing;

13          C. The Eleventh Amendment bars suits which seek damages or injunctive relief

14   against a state, an arm of the state, its instrumentalities, or its agencies; and;

15          D. Plaintiff lacks standing to bring his claims, as there is no controversy between

16   Plaintiff and the Judicial Defendants. Without jurisdiction, this Court must dismiss Plaintiff's

17   Complaint.

18       **A.  Plaintiffs' Complaint Is Barred Under the *Rooker-Feldman* Doctrine**

19          Plaintiff contests the rulings made by the Judicial Defendants as to the motion to

20   suppress, appeal of the motion to suppress, and the motion to dismiss.  This Court does not

21   have subject matter jurisdiction to review the decisions of the Superior Court and therefore

22   Plaintiff's Complaint must be dismissed.

23          "The United States District Court, as a court of original jurisdiction, has no authority to

24   review the final determinations of a state court in judicial proceedings." (*Worldwide Church of*

25   *God v. McNair, et al.* (9th Cir. 1986) 805 F.2d 888, 890.) In other words, district courts "may

26   not exercise appellate jurisdiction over state courts[.]" (*Id.* (citing *Rooker v. Fidelity Trust Co.*

27   (1923) 263 U.S. 413, 415-16.))  This rule applies "even when the challenge to the state court

28

1  decision involves federal constitutional issues." (*McNair, supra*, 805 F.2d at 891 (citing

2  *District Court of Columbia Court of Appeals v. Feldman* (1983) 460 U.S. 462, 484-86.)) State

3  courts are "as competent as federal courts to decide federal constitutional issues[,]" and "any

4  other rule would result in a waste of judicial resources and unnecessary friction between state

5  and federal courts." (*McNair, supra*, 805 F.2d at 891 (internal citations omitted).)  The rule

6  also applies to the decisions of both the state's highest court as well as the state's lower courts.

7  (*Ibid.* at 893, n.3.)

8        To the extent Plaintiff states he is making constitutional claims under 28 U.S.C. § 1983,

9  such constitutional claims are "inextricably intertwined" with the state court's decision, so the

10  district court does not have jurisdiction. (*McNair, supra*, at 891-92; *Feldman, supra*, 460 U.S.

11  at 482 ("[i]f the constitutional claims presented to a United States district court are inextricably

12  intertwined with the state court's denial in a judicial proceeding . . . then the district court is in

13  essence being called upon to review the state court decision").) In other words, "the district

14  court does not have jurisdiction if it cannot evaluate the constitutional claims without conducting

15  a review of the state court's legal determinations in a particular case." (*Lefcourt v. Superior Court*

16  (N.D. Cal. 1999) 63 F.Supp.2d 1095, 1098.)

17        The Supreme Court has held that the *Rooker-Feldman* doctrine is properly applied to a

18  federal lawsuit "brought by [a] state court loser[]complaining of injuries caused by [a] state-

19  court judgment[]." (*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.* (2005) 544 U.S. 280, 283,

20  125 S.Ct. 1517; *accord Lance v. Dennis* (2006) 546 U.S. 459, 463, 126 S.Ct. 1198, 1201.) This

21  is the precise situation that is now before this Court.  In order for this Court to award Plaintiff

22  relief, this Court would need to review the denial of the motion to suppress, the appeal

23  therefrom, as well as the denial of the motion to dismiss, and determine that those decisions

24  were made in error. The *Rooker-Feldman* doctrine strictly forbids this Court from reviewing or

25  altering state court decisions. Thus, this motion to dismiss must be granted.

26  **B.    Plaintiff's Complaint Should Be Dismissed Based Upon the *Younger* Abstention Doctrine**

27

28

It is the general rule that federal courts must abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. (*Younger v. Harris*, (1971) 401 U.S. 37, 40-41, 41 n.2.) Absent extraordinary circumstances, abstention in favor of state court proceedings is required if the state court proceedings: (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims. (*Hirsh v. Justices of the Supreme Court of the State of California* (9th Cir. 1995) 67 F.3d 708, 712.) This is known as the *Younger* abstention doctrine.

When the *Younger* abstention doctrine applies, the complaint must be dismissed. (*Gibson v. Berryhill* (1973) 411 U.S. 564, 577.) Abstention is appropriate where a party seeks to invoke federal jurisdiction for the purpose of restraining state proceedings or invalidating a state law. (See *United States v. Adair* (9th Cir. 1983) 723 F.2d 1394, 1402 n.5. Here, Plaintiff asks this court to find that California Vehicle Code § 26613 "prohibits the LCSO [Lake County Sheriff's Office] from initiating warrantless, infraction traffic stops." (Complaint p. 11) Additionally, because Judge Lunas denied Plaintiff's motion to dismiss, it appears that Plaintiff's underlying traffic citations are still pending.  To the extent that the state court case is still proceeding, this Court is prevented from interceding pursuant to *Younger*.

C.      **Plaintiffs' Claims Against the Judicial Defendants Are Barred by the Eleventh Amendment**

The Eleventh Amendment to the United States Constitution states "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." (U.S. Const. Amend. XI.)

"The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies." (*Franceschi v. Schwartz* (9th Cir. 1995) 57 F.3d 828, 831 (citing *Durning v. Citibank, N.A.* (9th Cir. 1991)

1    950 F.2d 1419, 1422-23.)  In other words, the Eleventh Amendment grants sovereign

2    immunity to states against suits filed in federal court. (*See Regents of the University of*

3    *California, et al. v. Doe* (1997) 519 U.S. 425, 429.)

4       "The Eleventh Amendment bars a suit against state officials when 'the state is the

5    real, substantial party in interest.'" (*Pennhurst State School & Hosp. v. Halderman* (1984)

6    465 U.S. 89, 101 (internal citations omitted).) Consequentially, the Eleventh Amendment

7    precludes a district court from asserting jurisdiction over claims against state officials sued

8    in their official capacities. (*Leer v. Murphy* (9th Cir. 1988) 844 F.2d 628, 632 (State courts

9    are state entities for the purpose of Eleventh Amendment immunity; *Greater Los Angeles*

10   *Council on Deafness, Inc. v. Zolin* (9th Cir. 1987) 812 F.2d 1103, 1110 ("state case law and

11   constitutional provisions make clear that the Court is a State agency.")) The Eleventh

12   Amendment also bars actions against state agencies unless Congress expresses to the contrary

13   or the state agency unequivocally waives the immunity.  (*Belander v. Madera Unified School*

14   *District* (9th Cir. 1988) 963 F.2d 248, 249.)

15       In the present case, all of the Judicial Defendants are state officials for purposes of

16   the Eleventh Amendment.  The only alleged actions taken by the defendant judges were

17   taken in their official capacities, and as such, the Eleventh Amendment bars this action

18   against them.

19       In the caption to the Complaint, Plaintiff named all Judges in their "private/personal

20   capacity;" however, the only facts pled as to the Judicial Defendants relate to actions taken

21   in their official capacity as state judicial officers. Accordingly, Plaintiff's claims against the

22   Judicial Defendants are barred by the Eleventh Amendment.

23   \\\

24      **D.**    <u>**Plaintiff Lacks Standing To Bring His Claims**</u>

25       Article III standing is mandatory and not subject to waiver. (*U.S. v. Hays* (1995) 515

26   U.S. 737, 742.) Article III standing requires: 1.) an actual or imminent injury in fact that is

27   concrete and particularized; 2.) a causal connection between the injury and the conduct

28

complained of; and 3.) redressability such that it is likely (as opposed to merely speculative) that the injury will be redressed by a favorable decision. (*Hays, supra,* at 742-43.) A party who cannot meet the requirements of Article III standing may not litigate in federal court. (*Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.* (1982) 454 U.S. 464, 475-476.)  As stated in *O'Shea v. Littleton* (1974) 414 U.S. 488, 493-494 (internal citations omitted):

> "Plaintiffs in the federal courts 'must allege some threatened or actual injury resulting from the putatively illegal action before a federal court may assume jurisdiction.' . . . Abstract injury is not enough. It must be alleged that the plaintiff 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged statute or official conduct. . . . The injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'

In the present action, there is no direct, "real and immediate" injury that Plaintiff seeks to redress. There is no legal controversy between the Judicial Defendants and Plaintiff. Plaintiff simply wants this Court to declare, in general, that the Judicial Defendants incorrectly denied his motions.

The Ninth Circuit has affirmatively stated, "Article III prevents federal courts from adjudicating claims when the parties lack the required adverse legal interests. Suits against state judges who are adjudicating cases pursuant to state law raise serious questions about the existence of a justiciable controversy between the parties." (*Grant v. Johnson* (9th Cir. 1994) 15 F.3d 146, 147.)  Here, there is no justiciable controversy between the Judicial Defendants and Plaintiff. As a result, Plaintiff has no standing, and his claims must be dismissed.

\\\

## IV.   ABSOLUTE JUDICIAL IMMUNITY BARS PLAINTIFFS' COMPLAINT

Judges Lunas, Blum, Mann, and Hedstrom are entitled to unqualified immunity. The U.S. Supreme Court established that judges are immune from civil suits arising out of the exercise of their judicial functions. (*Mireles v. Waco* (1991) 502 U.S. 9, 11.  Here, the

1    Judicial Defendants clearly enjoy judicial immunity, as the pertinent acts of which

2    Plaintiff complains were taken in their official capacity.

3        "[I]t is a general principle of the highest importance to the proper administration of

4    justice that a judicial officer, in exercising the authority vested in him, shall be free to act

5    upon his own convictions, without apprehension of personal consequences to himself."

6    (*Bradley v. Fisher* (1871) 80 U.S. 335, 347.)

7        The Court in *Stump v. Sparkman* (1978) 435 U.S. 349, 362 stated that:

8
         [T]he factors determining whether an act by a judge is a
9        "judicial" one relate to the nature of the act itself, *i.e.*, whether it
         is a function normally performed by a judge, and to the
10       expectations of the parties, *i.e.*, whether they dealt with the
         judge in his judicial capacity.
11

12       In the present case, it is clear that the judges of the Superior Court were undertaking

13   judicial functions when performing the acts complained of: Plaintiff asks this Court for

14   damages based upon the denial of the motions to suppress and dismiss.   Because the

15   actions complained of by Plaintiff relate to the actions taken by judges acting in their official

16   capacity, the Judicial Defendants are entitled to absolute judicial immunity. Accordingly, the

17   Judicial Defendants' motion to dismiss must be granted

18   **V.    THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH
            RELIEF CAN BE GRANTED**
19

20       Plaintiff's Complaint can survive a Rule 12(b)(6) motion "only if, taking all well-

21   pleaded factual allegations as true, it contains enough facts to 'state a claim to relief that is

22   plausible on its face.'" (*Hebbe v. Pliler* (9th Cir. 2010) 627 F.3d 338, 341–42 (citing *Ashcroft*

23   *v. Iqbal* (2009) 556 U.S. 662.)) The Ninth Circuit has upheld the dismissal of complaints that

24   are "argumentative, prolix, replete with redundancy, and largely irrelevant." (*Ibid.* at 1177.)

25   The court need not accept as true legal conclusions cast in the form of factual allegations.

26   (*Western Min. Council v. Watt* (9th Cir. 1981) 643 F.2d 618, 624.)

27       All that Plaintiff has alleged is that the Judicial Defendants denied Plaintiff's motions.

28

Specifically with respect to 42 U.S.C. § 1983, Plaintiff fails to allege facts showing the Judicial Defendants' personal involvement in the constitutional deprivation or a causal connection between the Judicial Defendants' alleged wrongful conduct and the alleged constitutional deprivation. (*See Hansen v. Black* (9th Cir. 1989) 885 F.2d 642, 646; *Johnson v. Duffy* (9th Cir. 1978) 588 F.2d 740, 743-44.) "A plaintiff must allege facts, not simply conclusions that show an individual was personally involved in the deprivation of his civil rights." (*Barren v. Harrington* (9th Cir. 1998) 152 F.3d 1193, 1194.)

Plaintiff failed to set forth specific facts to establish a cognizable claim for relief. As such, the Complaint should be dismissed, without leave to amend.

**VI. CONCLUSION**

This Court does not have subject matter jurisdiction to hear the claims in Plaintiff's Complaint. In addition, the Judicial Defendants have absolute judicial immunity. The Complaint also fails to state a claim upon which relief can be granted. Therefore, the Complaint against the Judicial Defendants should be dismissed without leave to amend.

DATE: July 19, 2016             BOLD, POLISNER, MADDOW, NELSON & JUDSON

By: _____
     SHARON M. NAGLE
     Attorney for the Judicial Defendants