KAMALA D. HARRIS
Attorney General of California
JOHN P. DEVINE
Supervising Deputy Attorney General
State Bar No. 170773
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5522
  Fax: (415) 703-5480
  E-mail: John.Devine@doj.ca.gov
*Attorneys for Defendants*
*California Highway Patrol*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL D. NILSEN,<br><br>                    Plaintiff,<br><br>v.<br><br>JUDGE MICHAEL S. LUNAS, LCSO WILLIAM DJERNES, ET AL.,<br><br>                    Defendants. | Case No. CV 16-3631 EMC<br><br>**DEFENDANT CALIFORNIA HIGHWAY PATROL'S NOTICE OF MOTION TO DISMISS, MOTION TO DISMISS, MEMORANDUM IN SUPPORT THEREOF**<br><br>Date: September 8, 2016<br>Time: 10:00 a.m.<br>Courtroom: 5, 17th Floor<br>Judge: Honorable Edward M. Chen<br>Trial Date:<br>Action Filed: June 28, 2016 |

TO PLAINTIFF IN PRO PER:

PLEASE TAKE NOTICE that on September 8, 2016, at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Edward M. Chen, United States District Judge, in Courtroom 5 (17th Floor) the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, defendant California Highway Patrol will and hereby does move this Court to dismiss this action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure because this Court lacks subject-matter jurisdiction and plaintiffs' complaint fails to state a claim against defendant California Highway Patrol upon which relief can be granted, in that:

1

1. The claims against defendant are precluded because it is not subject to suit under 42 U.S.C. section 1983; and

2. The claims against defendant are precluded because the mere allegation of a conspiracy without specific factual allegations does not support a 42 U.S.C. section 1985 claim for relief.

Wherefore, defendant prays that the motion to dismiss be granted and plaintiff's complaint be dismissed with prejudice.

This motion is and shall be based upon this notice of motion and motion to dismiss, the accompanying memorandum of points and authorities, the pleadings and papers on file herein, and such oral and written material as may be presented at the hearing of this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### PRELIMINARY STATEMENT

**I.  NATURE OF THIS ACTION; PLAINTIFF'S CLAIMS**

This action regards damages sought by plaintiff against defendant California Highway Patrol, among numerous other defendant.

Plaintiff Michael Nilsen alleges that he was driving his car behind a Lake County Sheriff's Office SUV in the early morning of April 10, 2015. Pl. Compl. ¶ 10. After Nilsen made a right onto another road, the Lake County deputy purportedly "made a U-turn and followed him to a location near his house." Pl. Compl. ¶ 12. The deputy allegedly pulled Nilsen over because he had had been following the patrol car too closely. Pl. Compl. ¶ 13. During the stop, the deputy allegedly smelled alcohol coming from Nilsen's vehicle. Pl. Compl. ¶ 14. The deputy then purportedly called the California Highway Patrol (CHP) to conduct a DUI investigation. Pl. Compl. ¶ 14.

Two CHP officers responded to the call and allegedly conducted a DUI investigation. Pl. Compl. ¶ 14. Nilsen purportedly refused to provide personal information or take a Field Sobriety Test. Pl. Compl. ¶ 17. The CHP officers then allegedly arrested Nilsen and transported him to Sutter Lakeside Hospital for a blood test. Pl. Compl. ¶ 20. Nilsen purportedly refused to consent to a blood test, which was then administered without a warrant. Pl. Compl. ¶¶ 21-22.

2

Deft. CHP's Not. of Motion to Dismiss; Motion to Dismiss and Memo. In Support Thereof (CV 16-3631)

Plaintiff brings two 42 U.S.C. section 1983 claims for relief – alleging violations of both the Fourth and Fourteenth Amendments due to a failure to train– against the California Highway Patrol. Pl. Compl. ¶¶ 51, 66. Plaintiff also brings a conspiracy claim under 42 U.S.C. section 1985. Pl. Compl. ¶ 57.

## II. GROUNDS FOR THIS MOTION

Defendant California Highway Patrol is not a "person" subject to a civil rights lawsuit under 42 U.S.C. section 1983. Additionally, plaintiff impermissibly makes just the mere allegation about a conspiracy involving defendant California Highway Patrol. As a result, defendant California Highway Patrol requests that the plaintiff's complaint be dismissed as to Defendant California Highway Patrol.

## LEGAL STANDARD

Defendant moves to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(1& 6) of the Federal Rules of Civil Procedure. A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

A complaint must provide the defendant with "fair notice" of the claims against it and the grounds for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court may dismiss a complaint when it does not contain enough facts to state a claim for relief that is plausible on its face. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotations omitted).

Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).

3

Deft. CHP's Not. of Motion to Dismiss; Motion to Dismiss and Memo. In Support Thereof (CV 16-3631)

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Iqbal*, 556 U.S. at 678. "[L]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)).

A Rule 12(b)(6) dismissal can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984).

## ARGUMENT

### I. FEDERAL LAW PRECLUDES JURISDICTION BECAUSE CALIFORNIA HIGHWAY PATROL IS NOT A "PERSON" SUABLE UNDER 42 U.S.C. § 1983.

A procedural obstacle prevents suit against defendant California Highway Patrol. Typically, claimed violations of federal constitutional rights can only be vindicated through the statutory remedy provided in 42 U.S.C. § 1983. *Monroe v. Pape*, 365 U.S. 167, 172 (1961); *Mitchum v. Foster*, 407 U.S. 225, 242 (1972). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citations and internal quotations omitted).

Against this legal backdrop, plaintiff claims that his civil rights have been violated and he is "entitled to Title 42 damages..." Pl. Compl. ¶¶ 51 & 66.

The Supreme Court has declared that states are not "persons" for purposes of Section 1983 of the Civil Rights Act of 1871, and thus are not subject to suit under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70 71 (1989)(concluding that neither a state nor its officials are "persons" under § 1983). Similarly, governmental agencies that are "arms of the state" are not "persons" for purposes of § 1983 and so cannot be sued under that statute. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Hale v. State of Arizona*, 993 F.2d 1387, 1399 (1993) (concluding that the Arizona Department of Corrections was an arm of the state, and, thus, not a person for § 1983). Accordingly, states and state entities, such as the CHP, are not subject to suit for damages under 42 U.S.C. Section 1983.

4

Deft. CHP's Not. of Motion to Dismiss; Motion to Dismiss and Memo. In Support Thereof (CV 16-3631)

Thus, this Court should dismiss plaintiff's complaint against defendant California Highway Patrol.

II. **THE COMPLAINT FAILS TO STATE A CLAIM BECAUSE IT DOES NOT ALLEGE FACTS SHOWING A CONSPIRACY UNDER 42 U.S.C. SECTION 1985.**

Plaintiff has failed to state a claim under Rule 8, Federal Rules of Civil Procedure.

The Supreme Court explained in *Twombly* and *Iqbal* that conclusory statements which merely recite the elements of a claim are insufficient for the purpose of 12(b)(6). *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."); *Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacific Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In the plaintiff's attempt to implicate defendant California Highway Patrol in a conspiracy, plaintiff has merely alleged that at "Each of the above named defendants has participated in a conspiracy to continue and cement the deprivation of rights imposed upon the Plaintiff, beginning at the traffic stop and continuing to this date." Pl. Compl. ¶ 57.

"A mere allegation of conspiracy without factual specificity is insufficient to support a claim." *Sanchez v City of Santa Ana*, 936 F. 2d 1027, 1039 (9th Cir. 1990) (*citing Karim–Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir.1988)).

In *Sanchez v. City of Santa Ana*, the plaintiffs alleged employment discrimination by the City of Santa Ana, the police Department, and various "Police Captains, Lieutenants and Sergeants." *Sanchez*, 935 F.2d at 1039. As a part of their action the plaintiffs claimed that "substantial evidence support[ed] the inference of a single conspiracy managed and implemented by" the Chief of Police and a police Captain. *Id.* The extent of the plaintiffs' factual support for that claim was the allegation that defendants had intimidated officers to prevent them from testifying and had suppressed evidence. *Id.* The trial court found there was not enough evidence

5

alleged to support a claim for such a conspiracy, and the appellate court agreed stating that "one incident does not amount to substantial evidence of a conspiracy...." *Id.*

Plaintiff in the present case does not make any specific claims about the alleged conspiracy. Since the Complaint in this case lacks citation to even one specific incident, that the 9th Circuit cited in *Sanchez* as insufficient to support a claim, it is appropriate to grant dismissal.

## CONCLUSION

For the foregoing reasons, defendant California Highway Patrol requests that the Court dismiss plaintiff's complaint.

Dated: August 2, 2016

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
JOHN P. DEVINE
Supervising Deputy Attorney General

*/s/ John P. Devine*
JOHN P. DEVINE
Supervising Deputy Attorney General
*Attorneys for Defendant California Highway Patrol*

SF2016400780

6

Deft. CHP's Not. of Motion to Dismiss; Motion to Dismiss and Memo. In Support Thereof (CV 16-3631)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name: Michael D. Nilson v. Judge Michael S. Lunas, et al.
No.: CV 16-3631 EMC

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On August 2, 2016, I served the attached **DEFENDANT CALIFORNIA HIGHWAY PATROL'S NOTICE OF MOTION TO DISMISS, MOTION TO DISMISS, MEMORANDUM IN SUPPORT THEREOF**

by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Michael D. Nilsen
Pro per
PO Box 1745
Clearlake Oaks, CA 95423

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 2, 2016, at San Francisco, California.

| Rosalinda F. Asuncion | *[signature]* |
|---|---|
| Declarant | Signature |

SF2016400780