United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DAVID NILSEN,<br><br>Plaintiff,<br><br>v.<br><br>RYAN ERICKSON, et al.,<br><br>Defendants. | Case No. 16-cv-03631-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>Docket No. 71 |

Plaintiff Michael David Nilsen has moved for reconsideration of a part of the order issued by the Court on September 28, 2016. *See* Docket No. 37 (order granting various defendants' motions to dismiss). Under the Civil Local Rules for this District, "[n]o party may notice a motion for reconsideration without first obtaining *leave* of Court to file the motion." Civ. L.R. 7-9(a) (emphasis added). In addition, a party seeking leave of Court to file a motion for reconsideration must

> show reasonable diligence in bringing the motion, and one of the following:
>
> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

The Court denies Mr. Nilsen leave to file a motion for reconsideration because he has failed to meet the standard above.

For example, Mr. Nilsen has submitted new evidence to support his argument that the Court's analysis of California Government Code § 26613 is incorrect. But Mr. Nilsen has failed to show that, in the exercise of reasonable diligence, he could not have known of this new evidence at the time of the Court's interlocutory order. Furthermore, diligence issues aside, he has failed to show that the new evidence is material because the Court held that, "[e]ven if section 26613 did in fact limit his powers, [the deputy defendant] could have 'reasonably believed' that he was entitled to make this stop" and thus "would be entitled to qualified immunity." Docket No. 37 (Order at 13).

As another example, Mr. Nilsen has failed to show that the Court manifestly failed to consider material facts or dispositive legal arguments related to California Vehicle Code § 40300 *et seq.* In its interlocutory order, the Court explained that § 40300 *et seq.* had no application because the deputy defendant "did not arrest Mr. Nilsen." Docket No. 37 (Order at 12); *see also* Cal. Veh. Code § 40300 (providing that "[t]he provisions of this chapter shall govern all peace officers in making *arrests* for violations of this code without a warrant for offenses committed in their presence") (emphasis added). Although Mr. Nilsen contends that "stops . . . are indeed arrests," Mot. at 5, California Penal Code § 835 simply provides that "[a]n arrest *is made* by an actual restraint of the person, or by submission to the custody of an officer." Cal. Pen. Code § 835 (emphasis added). Moreover, contrary to what Mr. Nilsen suggests, there can be stops (or detentions) short of an arrest. *See, e.g.*, *Washington v. Lambert*, 98 F.3d 1181, 1185 (9th Cir. 1996) (in Fourth Amendment analysis, stating that "[t]here is no bright-line rule to determine when an investigatory stop becomes an arrest"). As for Mr. Nilsen's reliance on California Vehicle Code § 40300.6, that statute does not stand for the proposition that an officer may arrest an individual for conduct not committed in his presence only where there is a traffic accident. *See* Cal. Veh. Code § 40300.6 (stating that "[s]ection 40300.5 shall be liberally interpreted to further safe roads and the control of driving while under the influence . . . in order to permit arrests to be

2

made pursuant to that section within a reasonable time and distance away from the scene of a traffic accident"). As the Court stated in its interlocutory order, § 40300.5 expressly "allow[s] an officer to arrest a driver without a warrant where [he] has reasonable cause to believe that [the] driver has been driving under the influence if, *inter alia*, the person could injure himself or others, could destroy evidence of the crime, or could escape apprehension without immediate arrest." Docket No. 37 (Order at 12).

Accordingly, Mr. Nilsen's motion – liberally construed as a motion for leave to file a motion for reconsideration – is denied.

This order disposes of Docket No. 71.

**IT IS SO ORDERED**.

Dated: July 11, 2017

_____
EDWARD M. CHEN
United States District Judge