UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DAVID NILSEN,<br><br>    Plaintiff,<br><br>    v.<br><br>RYAN ERICKSON, et al.,<br><br>    Defendants. | Case No. 16-cv-03631-EMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY**<br><br>Docket No. 69 |

Plaintiff Michael D. Nilsen, proceeding pro se, has filed suit against various persons and entities, alleging that his civil rights were violated when he was stopped for a traffic violation and subsequently "searched" for alleged drunk driving. Previously, the Court granted motions to dismiss filed by multiple defendants. Currently pending before the Court is a motion to stay proceedings filed by two of the remaining defendants, namely Sutter West Bay Region (dba Sutter Lakeside Hospital) (hereinafter "Sutter") and Daniel Hickey (a Sutter employee). Collectively, Sutter and Mr. Hickey shall hereinafter be referred to as the Sutter Defendants. The Sutter Defendants ask that the Court stay proceedings in this case pending a trial in the state court criminal case in which Mr. Nilsen has been charged with drunk driving.

Having considered the parties' briefs and accompanying submissions, as well as the oral argument of Mr. Nilsen and defense counsel, the Court hereby **GRANTS** the motion to stay.

## I. FACTUAL & PROCEDURAL BACKGROUND

In his complaint, Mr. Nilsen alleges as follows.

On April 10, 2015, at 2:30 a.m., Mr. Nilsen was driving home. A Lake County Sheriff's Office SUV was traveling ahead of him, at least 10 mph below the speed limit. *See* Compl. ¶¶ 10-11. Mr. Nilsen turned into his driveway and shortly thereafter the SUV came up; it had made a U-

turn and followed him. The deputy driving the SUV advised Mr. Nilsen that he had been following the SUV too closely in violation of the California Vehicle Code. The deputy then called the California Highway Patrol ("CHP") because he thought he smelled alcohol coming from Mr. Nilsen's car. *See* Compl. ¶¶ 12-14 (alleging that CHP was called "to conduct a 'turnover' DUI investigation").

Two CHP officers arrived to conduct the DUI investigation. Mr. Nilsen refused to take a field sobriety test. The officers then arrested Mr. Nilsen, charging him with driving under the influence, driving on a suspended license, and resisting peace officers. *See* Compl. ¶¶ 16-18 (referring to California Vehicle Code §§ 23152(a)-(b) and 14601 and California Penal Code § 148). The resisting charge was eventually dropped. *See* Compl. ¶ 19.

The CHP officers took Mr. Nilsen to Sutter, where Mr. Hickey, a phlebotomist, was assigned to draw Mr. Nilsen's blood. Mr. Nilsen refused to consent to having his blood drawn, absent a warrant. *See* Compl. ¶¶ 20-21. "Ultimately the blood was drawn, absent either consent or a warrant." Compl. ¶ 22. Although Defendants claim oral consent was given, it was not, and Mr. Nilsen never signed the blood draw consent form used for suspected DUI patients. *See* Compl. ¶¶ 23-25.

In June 2015, Mr. Nilsen was arraigned. *See* Compl. ¶¶ 27-28. In the state criminal proceeding, Mr. Nilsen filed a motion to suppress in which he asked the state court to exclude, *inter alia*, the results of the blood draw. *See* Compl. ¶¶ 29, 34 & Ex. A (Mot. at 1-2). The state court denied the motion (in August 2015). *See* Compl. ¶ 37; the state trial court credited the CHP officer testimony and testimony by Mr. Hickey that Mr. Nilsen initially refused to consent to the blood draw but, when the officer said he would get a warrant, Mr. Nilsen "then consented verbally, although [he] refused to sign the hospital consent form." Compl., Ex. D (Tr. at 5-7). Mr. Nilsen appealed that ruling; the appellate court affirmed (in February 2016). *See* Compl. ¶ 41. The appellate court agreed with the state trial court that consent was voluntary; "[h]ere, as the hearing judge found, there was no force, no duress, no threats, no promises made" and Mr. Nilsen "clearly knew he had the right to refuse and to require the officer to obtain a warrant."). Compl., Ex. G (Tr. at 6).

It now appears that Mr. Nilsen's trial in the state criminal proceeding is set for August 16, 2017. *See* Foley Decl. ¶ 5 (also stating that "[a] trial readiness conference will be held on August 4, 2017").

Based on, *inter alia*, the above allegations, Mr. Nilsen sued in this Court the following persons and entities:

- Several state court judges;
- The deputy who was driving the SUV and called CHP in for possible drunk driving;
- The two CHP officers who conducted the DUI investigation;
- Mr. Hickey (the Sutter employee who drew Mr. Nilsen's blood);
- Sutter Lakeside Hospital;
- Several employees in the Lake County D.A.'s Office;
- The Lake County Sheriff's Office; and
- CHP.

Some of the defendants are no longer in the case, the Court having granted their motions to dismiss with prejudice. *See* Docket No. 36 (order dismissing with prejudice the following defendants: CHP, the state court judges, the Lake County D.A.'s Office prosecutors, the Lake County Sheriff's Office, and the deputy).

With respect to the Sutter Defendants who still remain in the case, Mr. Nilsen has asserted the following claims:

(1) Violation of 42 U.S.C. § 1983 (based on the Fourth and Fourteenth Amendments). According to Mr. Nilsen, Mr. Hickey "aided and abetted [the CHP officers] by performing the actual blood draw against [his] wishes, even though [Mr. Hickey] was aware that the consent form created by Sutter Lakeside Hospital called for the written, signed permission of a DUI patient who had waived his right to a warrant." Compl. ¶ 52.

(2) Violation of 42 U.S.C. § 1985 (based on the Fourth and Fourteenth Amendments). According to Mr. Nilsen, all Defendants "participated in a conspiracy to continue and cement the deprivation of rights . . . , beginning at the traffic stop and continuing to this

3

1     date." Compl. ¶ 57.

2     (3)     Violation of 42 U.S.C. § 1986 (based on the Fourth and Fourteenth Amendments). According to Mr. Nilsen, Mr. Hickey "could have intervened timely by simply refusing to draw blood absent a warrant or signed consent from the patient." Compl. ¶ 61.

(4)     Failure to train. According to Mr. Nilsen, Sutter failed to train because "[Mr.] Hickey's decision to proceed absent either a warrant or written consent [implicitly] indicates a failure to train, a failure to supervise, or both." Compl. ¶ 64.

## II. DISCUSSION

The Sutter Defendants have moved for a stay of the instant action pending a resolution of Mr. Nilsen's state court criminal proceeding in which he is charged with driving under the influence. *See* Mot. at 2 (referring to Lake County Supreme Court Case No. CR938961).

Although asserting various grounds for the stay, the Sutter Defendants do not specifically argue that this Court has the authority to stay under *Landis v. North American Co.*, 299 U.S. 248 (1936), that is the gist of its position. "A district court has discretionary power to stay proceedings in its own court under *Landis*." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). In assessing the propriety of a stay under *Landis*, the court must consider

> the competing interests which will be affected by the granting or refusal to grant a stay . . . . Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Id.* at 1110 (internal quotation marks omitted).

In the instant case, the considerations above weigh in favor of a stay. Most notably, there is value to a stay based on the orderly course of justice. Although the Sutter Defendants have invoked *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

4

question by a federal court's issuance of a writ of habeas corpus"), the doctrine that seems more on point is that of collateral estoppel.

The Ninth Circuit has noted that

> [s]tate law governs the application of collateral estoppel or issue preclusion to a state court judgment in a federal civil rights action. The criteria for the application of collateral estoppel are: (1) the prior conviction must have been for a serious offense so that the defendant was motivated to fully litigate the charges; (2) there must have been a full and fair trial to prevent convictions of doubtful validity from being used; (3) the issue on which the prior conviction is offered must of necessity have been decided at the criminal trial; and (4) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior trial. *McGowan v. City of San Diego*, 208 Cal. App. 3d 890, 256 Cal. Rptr. 537, 539 (1989). By substituting the word "proceeding" for the words "conviction" and "trial," the appellate court in *McGowan* held the doctrine of collateral estoppel may apply in a civil action to issues determined in a prior section 1538.5 motion to suppress ruling.

*Ayers v. Richmond*, 895 F.2d 1267, 1270-71 (9th Cir. 1990).

In *Ayers* itself, the Ninth Circuit, applying the above criteria, agreed with the district court that "the state courts' denial of [the federal civil rights plaintiff's] section 1538.5 motions to suppress collaterally estopped [him] from relitigating in the civil action the issue of whether his arrests violated the fourth amendment." *Id.* at 1269. With respect to the issue of a full and fair proceeding, the court noted that the plaintiff presented his suppression motions to the municipal court with the assistance of counsel and that he appealed the adverse rulings pre-trial. *See id.* at 1271. The court added that there was a final judgment for purposes of collateral estoppel because, even though the plaintiff had a statutory right to appeal the adverse rulings within thirty days after entry of his guilty pleas, he did not do so. *See id.* at 1271-72 (noting that "a ruling on a motion to suppress becomes final by a failure to appeal").

In *Johnston v. County of Sonoma*, No. C 10-03592 CRB, 2012 U.S. Dist. LEXIS 13779, (N.D. Cal. Feb. 6, 2012), Judge Breyer reached the same result. There, the civil rights defendants argued that, because a state criminal court had rejected the federal civil rights plaintiff's contention that a law enforcement officer had unlawfully detained her, collateral estoppel applied to the plaintiff's federal civil rights claim for unlawful seizure and imprisonment. Judge Breyer agreed, noting, *inter alia*, that, "[i]n *Schmidlin v. City of Palo Alto*, 157 Cal. App. 4th 728, 774-75

1 (2007), the court stated that the denial of a motion to suppress that argued an arrest and detention were unlawful, was sufficiently final for collateral estoppel purposes." *Id.* at *13. Judge Breyer added that, in his case, the plaintiff had chosen not to pursue an immediate appeal of the state criminal court's rulings and so "the determination by the state court is sufficiently final for collateral estoppel purposes." *Id.* at *15.

In the instant case, there appears to be a strong case for application of collateral estoppel because, in the state court criminal proceeding, Mr. Nilsen moved to suppress the blood draw evidence but his motion was denied, and that ruling was affirmed on appeal. That determination of fact – that Mr. Nilsen consented to the blood draw – would appear to vitiate his remaining claims herein.

Given the strong prospect of collateral estoppel, the orderly course of justice weighs in favor of a stay because, if the preclusion doctrine applies, then it makes little sense to have this litigation continue. Moreover, Mr. Nilsen has not shown that there is a "fair possibility" that a stay will cause him injury. *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (stating that, "'if there is even a fair possibility that the stay . . . will work damage to some one else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity'").[1] At the hearing, Mr. Nilsen argued that he would be harmed by a stay of this case because the state court criminal trial will never happen. While there does appear to have been delays in the trial, at this point, it is entirely speculative that no trial will ever take place. Moreover, the Court does not intend for any stay to be indefinite. It will continue to hold status conferences so that the parties can report back on the progress of the state court criminal proceeding. This will ensure against the risk argued by Mr. Nilsen that a stay will deprive him of his rights because a trial in the state court proceeding will never take place.

---

[1] Because Mr. Nilsen has not shown even a fair possibility that a stay will cause him harm, the Sutter Defendants' failure to establish a clear case of hardship (other than the normal cost of defending a lawsuit) is not dispositive. *See ASIS Internet Servs. v. Member Source Media, LLC*, No. C-08-1321 EMC, 2008 U.S. Dist. LEXIS 109241, at *6 (N.D. Cal. Sep. 8, 2008) (noting that the showing of hardship by the party moving for the stay is triggered "only if the party opposing the stay first demonstrates that there is a 'fair possibility' that a stay will cause it injury").

### III. CONCLUSION

For the foregoing reasons, the Court grants the Sutter Defendants' motion for a stay of proceedings in this case, pending resolution of the state court criminal proceeding. As the Court stated at the hearing, this does not preclude the Sutter Defendants from asking for relief from the stay in order to obtain an adjudication on the applicability of collateral estoppel.

This order disposes of Docket No. 69.

**IT IS SO ORDERED**.

Dated: August 1, 2017

_____
EDWARD M. CHEN
United States District Judge